ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Dec-19  11:55:06
60CV-24-9305
C06D11 : 6 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 11th DIVISION 6th CIRCUIT

### Case No.: 60CV-24-9305

**WESLEY SNODGRASS,**

Plaintiff,

v.

**PROGRESSIVE CORPORATION,**

Defendant.

Case No.: 60CV-24-9305

---

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

**COMES NOW** Wesley Snodgrass, Plaintiff Pro Se, and moves this Court for a Default Judgment against Progressive Corporation (hereinafter "Defendant"), pursuant to Rule 55 of the Arkansas Rules of Civil Procedure, and in support thereof states as follows:

1. **Service and Deadline:**
   a. On November 9, 2024, the Summons and Complaint were delivered to the Defendant's corporate headquarters at 6300 Wilson Mills Rd., Mayfield Village, OH, via USPS Certified Mail, as evidenced by USPS delivery confirmation.
   b. Plaintiff further verified receipt through verbal confirmation with Defendant's representative, Jonathan, on November 13, 2024, at 12:14 PM.
   c. Pursuant to Rule 12(a) of the Arkansas Rules of Civil Procedure, Defendant had 30 days (excluding the date of service) to file a written Answer or Motion, which expired on December 13, 2024.


EXHIBIT D

d. As of the date of this motion, no Answer, Motion, or other responsive pleading has been filed by Defendant, nor has Defendant sought an extension of time.

2. **Repeated Requests for Response:**

a. Following service of the Summons and Complaint, Plaintiff made numerous attempts to engage the Defendant for a response, as evidenced by Plaintiff's correspondence via emails dated November 15, 2024; December 1, 2024; and December 6, 2024. Defendant's representative, Bradley Compton, acknowledged receipt of these communications but failed to provide a substantive response or file any pleading with the Court.

3. **Defendant's Failure to Respond:**

a. Defendant's failure to respond constitutes a default under Rule 55(a) of the Arkansas Rules of Civil Procedure. Plaintiff is entitled to relief as requested in the Complaint, as Defendant has failed to contest any allegations or claims.

4. **Legal Precedent:**

a. Plaintiff relies on the following case law to support this Motion:

i. **Kevin W. Layman v. James Larry Bone, 333 Ark. 121, 967 S.W.2d 561 (1998):**

1. In this case, the Arkansas Supreme Court upheld a default judgment where the defendant failed to respond within the prescribed timeframe. The Court emphasized the procedural importance of adhering to response deadlines and reinforced the plaintiff's right to relief when the defendant defaults.

2. **Relevance:** Similar to this case, Defendant Progressive Corporation has failed to file any responsive pleading within the required timeframe, warranting a default judgment.

ii. **State v. $258,035 U.S. Currency, 352 Ark. 117, 98 S.W.3d 4 (2003):**

1. The Arkansas Supreme Court affirmed a default judgment in a forfeiture case after the defendant failed to respond. The Court noted the defendant's obligation to meet procedural deadlines and the difficulty in setting aside default judgments without demonstrating a valid defense.

2. **Relevance:** Progressive Corporation's failure to respond parallels the defendant's inaction in this case, underscoring the justification for granting default judgment.

iii. **Piros v. Teague, 2023-Ohio-3730:**

1. In this Ohio Court of Appeals case, a default judgment was granted after the defendant failed to respond to a property dispute within the prescribed timeframe. The Court upheld the judgment, reinforcing the procedural necessity of timely responses.

2. **Relevance:** This case demonstrates the importance of adherence to procedural rules in Ohio, where Progressive Corporation is headquartered, further supporting Plaintiff's request for default judgment.

5. **Relief Requested:**

   a. Plaintiff seeks the following relief:

      i. **Property Coverage:** $74,000 for the agreed value of the insured vessel, minus a $500 deductible, totaling **$73,500**.

      ii. **Expense Reimbursement:** $9,000 for documented expenses, including travel, vessel securement, and other out-of-pocket costs resulting from Defendant's failure to fulfill policy obligations.

      iii. **Prejudgment Interest and Costs:** Plaintiff seeks prejudgment interest from the date of loss and reimbursement of court costs associated with filing this action.

6. **Order for Default Judgment:**

   a. Plaintiff respectfully requests that the Court enter the attached proposed Default Judgment Order granting the relief sought herein.

## CONCLUSION

WHEREFORE, Plaintiff Wesley Snodgrass respectfully requests that this Court:

1. Enter a Default Judgment against Progressive Corporation for the amounts specified herein;

2. Award prejudgment interest and court costs to Plaintiff;

3. Grant any additional relief the Court deems just and proper.

Respectfully submitted this 18th day of December, 2024.

**Wesley Snodgrass**

Pro Se Plaintiff

P.O. Box 242904

Little Rock, AR 72223

501-681-6699

wesley.snodgrass@outlook.com

# ORDER

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

11th DIVISION 6th CIRCUIT

**WESLEY SNODGRASS,**

Plaintiff,

v.

**PROGRESSIVE CORPORATION,**

Defendant.

Case No.: 60CV-24-9305


**DEFAULT JUDGMENT**

This matter comes before the Court on Plaintiff Wesley Snodgrass's Motion for Default Judgment. The Court, having reviewed the motion, supporting documentation, and applicable law, finds as follows:

1. Defendant Progressive Corporation was properly served with the Summons and Complaint on November 9, 2024, as evidenced by USPS delivery confirmation and verbal confirmation by Defendant's representative on November 13, 2024.
2. Defendant failed to file an Answer, Motion, or other responsive pleading within the 30-day timeframe required by Rule 12(a) of the Arkansas Rules of Civil Procedure.
3. Plaintiff has provided sufficient evidence to support the relief requested in the Complaint, including damages for property coverage and expense reimbursement.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Wesley Snodgrass is awarded a Default Judgment against Defendant Progressive Corporation in the total amount of **$82,500**, which includes:
   a. $73,500 for property coverage,
   b. $9,000 for expense reimbursement.
2. Defendant shall pay prejudgment interest on the awarded amount at the statutory rate, calculated from the date of loss.
3. Defendant shall reimburse Plaintiff for court costs associated with this action.
4. This judgment resolves all claims raised in this matter.

SO ORDERED this ___ day of _____, 2024.

_____

Hon. Patricia Ann James

Judge, Pulaski County Circuit Court

**CERTIFICATE OF DELIVERY**

I, Wesley Snodgrass, hereby certify that a true and correct copy of the foregoing Motion for Default Judgment and Proposed Order was delivered to the following parties:

**Defendant's Representative:**

Progressive Corporation

6300 Wilson Mills Rd.

Mayfield Village, OH 44143

Delivery was made by USPS Certified Mail, Return Receipt Requested, on the ___ day of December 2024, as evidenced by the attached proof of service.

Respectfully submitted this ___ day of December, 2024.

**Wesley Snodgrass**

Pro Se Plaintiff

P.O. Box 242904

Little Rock, AR 72223

501-681-6699

wesley.snodgrass@outlook.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Dec-19 12:38:20
60CV-24-9305
C06D11 : 24 Pages

## UNIFORM COVER PAGE
### [To be used when required by Administrative Order No. 2 (g)*]

COURT: _____11th_____ COURT OF _Pulaski Circuit_ COUNTY

Docket/Case Number: _UCCV-24-9305_

CASE NAME:
PLAINTIFF/
PETITIONER: _Wesley Snodgrass_

DEFENDANT/
RESPONDENT: _Progressive Corp_

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)): _Exhibits_

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.



# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Cleveland, OH 44143

Certified Mail Fee  $4.85

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)         $ ____
- ☐ Return Receipt (electronic)       $ $0.00
- ☐ Certified Mail Restricted Delivery $ ____
- ☐ Adult Signature Required          $ ____
- ☐ Adult Signature Restricted Delivery $ $0.00

Postmark Here

GMF WILLOW STATION LITTLE ROCK
OCT 28 2024
72231-USPS

0027
70

Postage  $10.45

Total Postage and Fees  $19.40

10/28/2024

Sent To  *Percussion Cool*

Street and Apt. No., or PO Box No.  *6300 Wilson Mills Rd*

City, State, ZIP+4®  *Mayfield Village OH 44143*

PS Form 3800, January 2023 FSN 7530-02-000-9047    See Reverse for Instructions

7187 7187 54   7121 7121   0000 5270   0210 0210   0580 0580

**EXHIBITS FOR MOTION SUPPORT**

## USPS Tracking®

*spoke w/ Jennifer*
*Confirmed*
*11-13-24*
*12:18pm*

**Tracking Number:**

Remove ✕

# 9589071052701217718754

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered and is available at a PO Box at 3:04 pm on November 2, 2024 in CLEVELAND, OH 44143.

_____

**Get More Out of USPS Tracking:**

   **USPS Tracking Plus®**

● **Delivered**
**Delivered, PO Box**
CLEVELAND, OH 44143
November 2, 2024, 3:04 pm

● **Redelivery Scheduled for Next Business Day**
CLEVELAND, OH 44143
November 2, 2024, 11:37 am

● **Arrived at Post Office**
CLEVELAND, OH 44143
November 2, 2024, 8:30 am

● **Available for Pickup**
CLEVELAND, OH 44143
November 2, 2024, 6:10 am

● **In Transit to Next Facility**
November 1, 2024

● **Arrived at USPS Regional Origin Facility**

# EXHIBITS FOR MOTION SUPPORT

LITTLE ROCK AR PACKAGE SORTING CENTER
October 29, 2024, 2:08 am

**Departed Post Office**
LITTLE ROCK, AR 72231
October 28, 2024, 6:47 pm

**USPS in possession of item**
LITTLE ROCK, AR 72231
October 28, 2024, 4:51 pm

Hide Tracking History

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates ⌄

USPS Tracking Plus® ⌄

Product Information ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# EXHIBITS FOR MOTION SUPPORT

Wesley Snodgrass
PO Box 24
2904 Little Rock, AR 72023
Phone: 501-681-6699
Email: Wesley.snodgrass@outlook.com

Date:11/12/2024

Progressive Corporation
Legal Department
6300 Wilson Mills Road
Mayfield Village, OH 44143

RE: Preservation of Evidence – Wesley Snodgrass v. Progressive
Corporation
Case No.: 60CV-24-9305
Insurance Policy No.: 973602417
Claim No.: 23-3942849-01

Dear Progressive Corporation Legal Department,

I am writing to formally request the preservation of all evidence
related to my insurance claim concerning the insured 1994 Sea Ray
440 Sundancer yacht (Hull ID #: SERP2087G394), which is the subject
of ongoing litigation filed in the Circuit Court of Pulaski County,
Arkansas. As the Plaintiff in this matter, I am asserting claims for
breach of contract, bad faith, and negligence.

## Evidence to Preserve:

It is essential that Progressive Corporation preserves the following
categories of evidence, which are critical to my claim:

1. **Visual Evidence:**

   • **All videos, photographs, and any visual documentation
   generated during any inspections of the yacht.**

# EXHIBITS FOR MOTION SUPPORT

   • Any footage or images captured during the claims investigation, including those from marine surveys or site visits.

2. **Estimates and Assessments:**

   • All repair estimates, assessments, or related documents prepared by adjusters or third-party evaluators.

   • Records detailing the financial assessments of damage, valuation, or cost projections for repairs.

3. **Internal and External Communications:**

   • All internal emails, messages, or communications between adjusters, supervisors, claims representatives, and any other Progressive employees concerning my claim.

   • Any correspondence with external parties, such as marine experts, repair facilities, or outside consultants engaged for the investigation or assessment of the yacht.

4. **Electronic Records and Metadata:**

   • Any electronic records, including metadata, timestamps, or logs related to the claim, which demonstrate communication history or claim handling.

5. **Customer Service Logs and Call Recordings:**

   • Records of all phone calls, including recordings, transcripts, or notes from interactions between me and Progressive's representatives.

   • Customer service logs detailing the dates, times, and content of discussions related to my claim, including entries made by adjusters Raul, Kristina, and any other representatives.

## Legal Obligation

This request serves as formal notice of your duty to preserve all evidence pertinent to this case. Arkansas law, as well as relevant legal precedents, impose strict obligations on parties to litigation to

# EXHIBITS FOR MOTION SUPPORT

prevent the destruction or alteration of evidence. Any failure to preserve the requested materials could result in sanctions or adverse inferences drawn by the court for spoliation of evidence.

## Delivery and Proof of Compliance

Please confirm receipt of this letter and your acknowledgment of this preservation request. You may send confirmation to my contact details listed above.

Thank you for your attention to this matter. If you have any questions regarding the scope of this request, please feel free to contact me.

Sincerely,
Wesley Snodgrass
Pro Se Plaintiff
PO Box 242904 Little Rock, AR 72023
Phone: 501-681-6699
Email: Wesley.snodgrass@outlook.com

Case 4:24-cv-01153-BSM   Document 2   Filed 11/26/24   Page 14 of 30

**Wesley Snodgrass**
**815 Technology Dr Ste. 2904**
**Little Rock, AR. 72223**
**501-681-6699**
Wesley.snodgrass@outlook.com

**Date: 10/22/2024**

**To:**
**James Blakeman**
**Progressive Corporation – Ft. Myers Office**
**1641 Worthington Rd Ste. 200**
**West Palm Beach, Fl 33408**

## Subject: Notice of Escalation and Formal Complaints Filed with Regulatory Authorities

**Dear James Blakeman,**

**I. Introduction**

**My name is Wesley Snodgrass, and I am a policyholder with Progressive Corporation under an Arkansas Boat and Personal Watercraft Policy. Over the past 11.5 months, I have experienced significant delays, miscommunications, and financial hardships due to the mishandling of my insurance claim involving my 1994 Sea Ray 440 Sundancer yacht. The claim, originally filed on October 29, 2023, arose from the incident that left me stranded 15 miles off the coast of Florida.**

**II. Overview of the Situation and Concerns**

**Despite adhering fully to all policy requirements and making significant financial expenditures to accommodate Progressive's instructions, I have been met with consistent inaction from your office, specifically from the assigned representatives, Kristina and**

Raul. I have incurred nearly $10,000 in expenses, including payments for dockage, vessel protection, travel, and coordination efforts.

Despite these efforts, Progressive has failed to take appropriate action, resulting in additional damages to my vessel and accumulating costs at the marina. Furthermore, the marina has threatened to—or may have already—sold my yacht due to unpaid fees, and it remains vulnerable following the impact of Hurricane Milton.

## III. Notice of Formal Complaints

Given the severity of the situation and the lack of resolution, I have filed for with Pulaski County Circuit Court as well as formal complaints with the following regulatory authorities:

1. Arkansas Insurance Department: Concerning Progressive's handling of my claim as it pertains to state regulations and contractual obligations.

2. Florida Commissioner Michael Yaworsky of Department of Financial Services, Division of Consumer Services: Addressing Progressive's actions within Florida's jurisdiction, including the mishandling of my claim and the threats posed by the marina.

3. Ohio Department of Insurance: Since Progressive is headquartered in Ohio, I have requested an investigation into how the company's conduct affects policyholders across state lines.

## IV. Opportunity for Resolution

While I have initiated these formal complaints, I remain open to working with your office to find a resolution to this matter. I believe that taking immediate and decisive action to address these issues could mitigate the impact of ongoing regulatory reviews.

Please let me know at your earliest convenience if your office is willing to revisit this matter with the urgency it deserves.

## V. Conclusion

I sincerely hope that Progressive values its commitment to policyholders and takes appropriate steps to resolve these concerns. If you require additional details or documentation regarding my claim or the actions I have taken, please feel free to reach out to me at 501-681-6699 or wesley.snodgrass@outlook.com

Sincerely,
Wesley Snodgrass
Policy Holder

PO Box 242904

Little Rock, AR 72223

# EXHIBITS FOR MOTION SUPPORT

**Wesley Snodgrass**                    **Wednesday, December 18, 2024 at 13:30:12 Central Standard Time**

**Subject:** Re: Clarification and Response to Settlement Discussions – Case #23-3942849
**Date:** Wednesday, December 18, 2024 at 1:17:52 PM Central Standard Time
**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Priority:** High

No Mr. Compton,
You have every reason to contact me as it is your entire job and duty to me as a policy holder and client.
However thank you for reaffirming Progressives position on this.
I will be requesting a trial date.
Respectfully,
Wesley Snodgrass

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Date:** Wednesday, December 18, 2024 at 1:08 PM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** RE: Clarification and Response to Settlement Discussions – Case #23-3942849

Mr. Snodgrass,
I do not currently have a reason to contact you unless you want to discuss a compromised resolution.
Please advise and we can schedule something tomorrow.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Wednesday, December 18, 2024 2:05 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Re: Clarification and Response to Settlement Discussions – Case #23-3942849

I await your phone call.

Get Outlook for iOS

# EXHIBITS FOR MOTION SUPPORT

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Sent:** Wednesday, December 18, 2024 7:16:25 AM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** RE: Clarification and Response to Settlement Discussions – Case #23-3942849

Mr. Snodgrass,
I acknowledge receipt of your email and your text. I am your point of contact as it relates to this claim and Progressive. Please proceed as you see necessary as it relates to your Pro Se documentation. If you would like to attempt to resolve this litigation matter in a compromise prior to proceeding to the next steps of litigation I am available to do so.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Tuesday, December 17, 2024 10:22 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Re: Clarification and Response to Settlement Discussions – Case #23-3942849
**Importance:** High

## Here's a more structured and professional version of your email:

## Subject: Request for Escalation to Legal Team – Case #23-3942849

## Dear Mr. Compton,

## It has become evident that there is no intention to adhere to the principles or policies outlined in the policy contract issued by Progressive Corporation. The policy

explicitly defines Progressive's obligations, and the current handling of this matter falls short of those standards.

As a result, I am formally requesting that this matter be handled exclusively through Progressive's legal team moving forward. Communication between you and me has proven ineffective in reaching a resolution. The term you keep reiterating COMPROMISE is not in your company's policy jacket.

Please confirm the transfer of this matter to your legal team immediately.

Respectfully,
Wesley Snodgrass
501-681-6699
Wesley.Snodgrass@outlook.com

Get Outlook for iOS

---

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Sent:** Wednesday, December 11, 2024 7:13:43 AM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** RE: Clarification and Response to Settlement Discussions – Case #23-3942849

Mr. Snodgrass,
I acknowledge receipt of your email.  When you are willing to engage a compromised resolution to your pending litigation I would be happy to continue the conversation.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938

Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Wednesday, December 11, 2024 1:00 AM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>; Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Clarification and Response to Settlement Discussions – Case #23-3942849

## Dear Mr. Compton,

**Thank you for your response. While I appreciate your acknowledgment and willingness to engage, I must respectfully, following your lead, readdress some points regarding the nature of our discussions and the obligations outlined in my policy.**

**First, let me reiterate that I am not requesting anything beyond what is explicitly stated in the policy issued by Progressive. My policy is a binding contract that clearly outlines your company's responsibilities upon my payment of premiums. There is no mention of negotiation or compromise for any part of the coverages I have paid for and that Progressive made promises based on that premium. It's in the very language of the policy multiple times.**

# EXHIBITS FOR MOTION SUPPORT

To ensure we're aligned, I will reference some of the specific, but not the only applicable ones, policy provisions for clarity:

1.

Property Damage Coverage:

- 

Page 15, Section IV of the policy states: *"If you pay the premium for this coverage, we will pay for sudden, direct, and accidental loss to a covered watercraft resulting from collision."*

- 

Page 17 further specifies under "Agreed Value Coverage" that: *"The limit of liability for a covered watercraft for which Agreed Value Coverage was purchased is… the agreed value for the covered watercraft."*

Nowhere does it state that these payouts are subject to negotiation, compromise, or discretion. The language is unequivocal: Progressive will pay for the agreed value or repair/replacement costs based on the terms of the policy.

2.

# EXHIBITS FOR MOTION SUPPORT

**Sign & Glide Coverage:**

- 

**Page 26 defines the coverage as providing towing or assistance from Progressive's authorized service representatives. In the language it specifically states  the words "o u r" meaning belonging to Profressive...**

- 

**Page 27, Section 2B specifies that towing will be provided *"to the nearest accessible dock or port where the watercraft can be repaired or removed from the water."* This provision was directly applicable in my case and should have been handled in accordance with these terms. Because progressive representative themselves made the arrangements not I and it was the closest accessible place that they found not me.**

**3.**

**Duties in Case of Loss (Page 42):**

- 

**The policy outlines my responsibilities in case of a loss and states: *"We will pay reasonable***

*expenses incurred in providing that protection."* I adhered to these duties in full, And paid out of my pocket ensuring the vessel's safety, securement and availability for inspection despite significant costs and inconvenience on my part. I did not seen it from Progressive, until a year later.

Given these clear provisions, I must respectfully disagree with your framing of these discussions as a negotiation. The policy is a contract, and its terms are not subject to reinterpretation or compromise unless explicitly stated. My expectation is simply that Progressive honors its obligations as written.

If you are unable to meet the terms I've outlined— or at least come close to them for tolerable adjusting —while adhering to the policy framework, please provide a detailed explanation of why Progressive cannot fulfill its contractual obligations. Or just admit failure and move the file to legal. I recognize there may be acceptable variations within the framework of the policy, but nothing that deviates significantly from its terms or my stated request.

If you as a representative of Progressive are prepared to engage in a finalizing settlement that

**aligns with the policy's clear language and intent, I am more than willing to continue these conversations. However, my expectation remains that any resolution reflects the policy's provisions and my good-faith adherence to its requirements.**

**I look forward and expect to receive your response and truly hope we can work toward a resolution that fulfills the terms of the policy and reflects the efforts I have made throughout this process.**

**Sincerely,**
**Wesley Snodgrass**

Get Outlook for iOS

---

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Sent:** Monday, December 9, 2024 1:14 PM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** RE: 23-3942849

Mr. Snodgrass,
I acknowledge receipt of your email. All conversations have been for a compromised resolution. My title is Claims Specialist SR and I am not an attorney. If you have a compromise resolution counter that is reasonable in nature I would be happy to discuss it with you and if we are able to reach resolution I will formalize in writing.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com

Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Monday, December 09, 2024 1:56 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Re: 23-3942849

Dear Mr. Compton,
Thank you for your responses. I want to ensure I am aligned and clear about YOU and the nature of this discussion and the process moving forward.
In our initial conversation and subsequent discussions, you explicitly indicated that if we could not reach an agreement, the matter would be handed over to litigation with reference that you were prepared to just hand it to your attorney. In fact, it was your opening first line of the phone call. You also mentioned in other occurrences, that you needed to consult with legal or check with the Legal Department before providing certain information on questions I had asked. Now, you've stated that you are handling this as litigation. These shifts in your role, especially today, is confusing and seems inconsistent with our earlier conversations. Could you please clarify your position and authority within Progressive? Are you representing the Claims Department, the Legal Department, or acting in another capacity?
You've also stated that you do not negotiate via email or provide written proposals. While I understand your preferences, it is challenging to document and track our verbal discussions, particularly given the shifting in regards to   legal context of this case. For clarity and transparency, I request:

1. **A Written Proposal:** Regardless of your stated limitations, providing a formalized offer in writing ensures there are no misunderstandings. Written documentation is especially important as this matter involves multiple layers of policy coverage and significant potential liabilities.
2. **Confirmation of Your Role and Authority:** If you are acting as Progressive's legal representative, does this mean you have the authority to finalize and approve resolutions? Or are you facilitating discussions while deferring final decisions to another party? This clarity will help me direct communications more effectively.
3. **Policy-Based Resolution:** My proposals are based on the explicit terms and separations outlined in the policy regarding property value, liability, and other provisions. Your earlier response suggested a lack of compromise on my part, but I am open to revisiting and refining my proposals—provided Progressive offers a clear basis for any counteroffer or adjustments.

Given the conflicting information and lack of written records, I believe we need a more structured approach to resolve this matter efficiently and equitably. I remain committed to good-faith discussions but request your written acknowledgment of Progressive's terms, even as a draft, to ensure mutual understanding.
Looking forward to your response and next steps.
Best regards,
Wesley Snodgrass
501-681-6699
wesley.snodgrass@outlook.com

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Date:** Monday, December 9, 2024 at 12:35 PM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>

**Subject:** RE: 23-3942849

Mr. Snodgrass,
This is not claims handling, this is litigation handling. Once a compromised resolution has been reached I will formalize it in writing.

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Monday, December 09, 2024 1:33 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Re: 23-3942849

You don't draft a formal offer to any claims? Everything is verbal?

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Date:** Monday, December 9, 2024 at 12:32 PM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** RE: 23-3942849

Mr. Snodgrass,
No I will not email or put it in a letter. I do not negotiate via email.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

# EXHIBITS FOR MOTION SUPPORT

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Monday, December 09, 2024 1:30 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Re: 23-3942849
**Importance:** High

I don't see the settlement you proposed in my portal. Will you email this to me please? Or if you could simply attach the formal letter to this email and send it would be easier.

Wesley Snodgrass
501-681-6699

**From:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Date:** Monday, December 9, 2024 at 7:07 AM
**To:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Subject:** 23-3942849

Mr. Snodgrass,
I acknowledge receipt of your email.  All the information that I have presented has been to come to a compromised resolution before the next steps in litigation. I must decline your offer which has no compromise.

Respectfully

Brad Compton
Progressive Casualty Insurance
National Special Lines Complexity Team
300 N Commons BLVD NSC G23
Mayfield Village, OH 44143-9938
Phone: 440-566-7637
Fax: 877-213-7258
bcompto1@progressive.com
Hours of Availability: Monday through Friday 8:00am to 5:00pm EST

**From:** Wesley Snodgrass <wesley.snodgrass@outlook.com>
**Sent:** Friday, December 06, 2024 7:03 PM
**To:** Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>; Bradley B Compton <BRADLEY_B_COMPTON@progressive.com>
**Subject:** [EXTERNAL] Settlement Counter
**Importance:** High

# EXHIBITS FOR MOTION SUPPORT

Thank you for presenting your proposal. While the offer is extremely off structurally it is at least in vicinity as to value of crafts agreed value per policy Declaration of coverages - Yet remains inadequate as proposed. I DO appreciate it as a step forward in acknowledging the desire to finally settle this claim. You have done in just a few weeks what the Florida Team refused to in any capacity in 12 months……Therefor, after taking a step back, I am going to attempt reengaging as a Insured Client of Progressive, not as Plaintiff fighting for one..

Below, I have roughed out my response and proposed resolution:

1. **Segregation of Coverages:**
   The policy specifically outlines separate coverages for insureds property damage, liability on behalf of the insured, and additional expenses. Each coverage has distinct purposes and payout structures and their own separate "Accounts Payable" so to speak, and applicable ones in my scenario should be addressed individually,  as  with the policy's terms. The value of the insured property (vessel) must be handled independently of any liability or marina-related concerns.

Per the policy, the insured property payout should reflect the necessary amount to bring the vessel to market or agreed-upon value or, in the event of a total loss, the agreed value less the deductible and salvage value if I elect to retain the craft. These provisions are non-negotiable and fundamental to the policy's framework.

2. **Travel and Additional Expenses:**
   Over the course of this claim, I have incurred substantial costs related to flights, hotels, ground transportation, and the time required to make myself and the vessel available for Progressive's inspections. While most of these expenses were directly tied to my obligations under the policy, one trip was an additional effort I undertook at significant financial means. This demonstrates my good faith in facilitating the claims process, even beyond my required duties.

However, Progressive's failure to fulfill commitments, such as the missed inspection meeting in Key West, has resulted in further financial burdens that should rightfully be reimbursed. These costs are estimated at $9,000 and include travel interruptions, vessel securement, and other directly related expenses.

3. **Marina Liability:**
   While the marina fees are a personal contractual obligation, Progressive's delays and handling have perpetuated this issue. If Progressive fails to adequately address the insured property's value, it may expose itself to liability in potential litigation with the marina. Alternatively, as proposed, I am willing to release Progressive from further liability related to this matter, provided the settlement terms are restructured accordingly and payment expedited as time is of the essence, thanks to your Floridian colleagues' inactions exacerbating costs and transgressing Progressives Fiduciary Responsibilities to me, their client and insured.

4. **Proposed Resolution:**
   To resolve this matter efficiently, I propose the following terms:
   - **Property Coverage:** A payout of $60,000 (using your valuation), adjusted for the deductible and salvage value if I elect to retain ownership.
   - **Expense Reimbursement:** $9,000 for documented travel interruptions, securement, and related costs caused by the prior Progressive's Florida office unfulfilled commitments to duties.
   - **Liability Release:** If the offer is restructured to allow me to retain the craft while addressing the above points, there is no liability facing Progressive. I am willing to sign a release letter indemnifying Progressive from any further claims or liabilities, including and

more pointedly any potential issues with the marina.

This approach adheres to the policy's structure, addresses all outstanding coverages, and mitigates further looming legal exposure for both parties. I believe this proposal will facilitate an more Business Sense resolution and look forward to your response.

Thank you for your time and consideration.

Best regards,

Wesley Snodgrass

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631

*PROGRESSIVE*
*BOAT*

NAIC Company Code: 16322

**Policy Number:  973602417**

Underwritten by:
Progressive Direct Insurance Co
Policyholder:
Wesley Snodgrass
Page 1 of  1
November 28, 2023

**Customer Service**
**1-800-776-4737**
24 hours a day, 7 days a week

# Verification of Insurance for

### Wesley Snodgrass

This verification of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policies listed herein.  Notwithstanding any requirement, term or condition of any contract or other document with respect to which this verification of insurance may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of the policies.

Please accept this letter as verification of insurance for this policy.

## Policy and driver information

| | |
|---|---|
| Policy number: | 973602417 |
| Policy state: | Arkansas |
| Policy period: | Sep 16, 2023 - Sep 16, 2024 |
| There was no lapse in coverage during this policy period. | |
| Effective date: | Sep 16, 2023 |
| Drivers: Wesley Snodgrass | |
| Address: | PO Box 242904 |
| | Little Rock, AR 72223 |

## Watercraft information

| | |
|---|---|
| Watercraft: | 1994 Sea Ray 440 Sundancer |
| Hull identification number: | SERP2087G394 |
| Rating base: | $74,000 |

## Coverage information

| | | |
|---|---|---|
| Liability To Others | | |
| Bodily Injury and Property Damage Liability | $300,000 combined single limit each accident | |
| Comprehensive | Agreed Value $74,000 | Deductible: $500 |
| Collision | Agreed Value $74,000 | Deductible: $500 |

Form VOI (08/13)