IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WESLEY SNODGRASS                                                              PLAINTIFF

V.                          CASE NO. 4:24CV1133-BSM

PROGRESSIVE CORPORATION                                                       DEFENDANT

## BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment should be denied. The exhibits attached to his motion demonstrate that he has never served Progressive. As valid service is a necessary requirement for the entry of default, the motion fails as a matter of law.

No default can be entered without good service because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir.1993) (citations omitted). Likewise, "Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant." See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) (citation omitted). "Default judgments are not favored by the law." U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

Plaintiff claims that he attempted service by mail. The "service letter" he attaches to his motion is dated November 12, 2024 addressed to: "Progressive Legal

Department." The letter does not enclose the complaint, amended complaint, or summons. The letter requests preservation of evidence, never mentioning service of process. The letter is not addressed to the agent for service of process of Progressive. He attaches to his motion a USPS tracking document which purports to show that some unspecified document was delivered to a post office box in Cleveland, OH on November 2, 2024. He also attaches emails with Progressive legal department discussing the dispute. Plaintiff presents no evidence that he has served Progressive's agent for service of process, officer, or managing agent with anything, much less a valid summons and complaint as required by law.

Compliance with ARCP Rule 4 service requirements must be exact. Strict compliance is required.

> Our case law is well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 120 S.W.3d 525 (2003). This court has held that the same reasoning applies to service requirements imposed by court *4 rules. Id. More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. Id. Actual knowledge of a proceeding does not validate defective process. Carruth v. Design Interiors, Inc., 324 Ark. 373, 921 S.W.2d 944 (1996). The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra; Posey v. St. Bernard's Healthcare, Inc., 365 Ark. 154, 226 S.W.3d 757 (2006).

> We have made it clear in a long line of cases that compliance with Rule 4(b) must be exact. See Brennan v. Wadlow, 372 Ark. 50, 270 S.W.3d 831 (2008); Posey v. St. Bernard's Healthcare, Inc., supra; Shotzman v. Berumen III, M.D., 363 Ark. 215, 213 S.W.3d 13 (2005); Tobacco Superstore, Inc. v. Darrough, 362 Ark. 103, 207 S.W.3d 511 (2005); Nucor Corp. v. Kilman, 358 Ark. 107, 186 S.W.3d 720 (2004); Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra

Trusclair v. McGowan Working Partners, 2009 Ark. 203, 3-4, 306 S.W.3d 428, 430 (2009).

ARCP 4(g)(1)(A)(i) sets forth the requirements for service by mail. It requires certified mail "addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name." Plaintiff's exhibits contain no evidence of compliance with this rule. ARCP 4(g)(1)(A(ii) states that service by mail "shall not be the basis for the entry of a judgment by default unless the record contains a return receipt signed by the addressee." The record contains no such signed return receipt. A postal receipt stamped October 28, 2024 indicates it was "sent to" Progressive Corp., but not a natural person and there is not signed receipt by an addressee. There was never an addressee.

It should be noted that Plaintiff has sued the wrong company. The insurance policy upon which he bases his lawsuit was issued by Progressive Direct Insurance Company, not Progressive Corporation. See Motion to Dismiss filed this date.

Regardless, he has not served either entity to justify entry of default.

Plaintiff's Motion for Default Judgment should be denied.

>WDTC LAW, P.A.
>2120 RIVERFRONT DRIVE, SUITE 275
>LITTLE ROCK, AR 72202-1436
>(501) 372-1406
>(501) 372-1209 FAX
>staci.carson@wdtc.law
>
>By: *Staci Dumas Carson*
>STACI DUMAS CARSON (2003158)