IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WESLEY SNODGRASS                                                           PLAINTIFF

V.                                     CASE NO. 4:24CV1133-BSM

PROGRESSIVE CORPORATION                                                    DEFENDANT

### BRIEF IN SUPPORT OF MOTION TO DISMISS

Comes the Defendant, Progressive Corporation (Progressive), by and through its attorneys, WDTC Law, P.A., and for its Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), herein states:

### I.
### INTRODUCTION

Progressive is not a proper party to this action. It did not issue the policy that forms the basis of Plaintiff's Complaint and Amended Complaint. As such, the Complaint and Amended Complaint against Progressive should be dismissed.

### II.
### STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ...

claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562.

According to the Court, this standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Twombly, 550 U.S. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." Id. The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. In ruling on a motion to dismiss, a court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff when considering a Rule 12(b)(6) motion. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

In addition to the complaint, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). It may also consider documents "attached to the

motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Baker v. City of Madison, Alabama, 67 F.4th 1268 (11th Cir. 2023) (a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if the plaintiff refers to the documents in the complaint, the documents are central to plaintiff's claims, and the documents' contents are undisputed).

## III.
## ANALYSIS

Plaintiff brings this action against Progressive claiming breach of contract, negligence, and bad faith stemming from a claim he made concerning his yacht. Snodgrass alleges Progressive failed to fulfill its obligations under the policy, specifically with respect to conducting prompt inspections, coordinating appraisals, and resolving the claim timely.

Progressive, however, is not a proper party to this action because it did not issue the policy that forms the subject of the complaint. Attached as Exhibit "A" to the motion is a copy of the Declaration's page for Plaintiff's boat and personal watercraft policy. The policy was issued by Progressive Direct Insurance Company, not Progressive, as Plaintiff alleges. Progressive could not have failed to pay benefits, breached any policy, or otherwise engaged in the conduct alleged by Plaintiff.

## IV.
## CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim upon which relief can be granted against Progressive. Plaintiff's Complaint and Amended Complaint against Progressive should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

        WDTC LAW, P.A.
        2120 RIVERFRONT DRIVE, SUITE 275
        LITTLE ROCK, AR 72202-1436
        (501) 372-1406
        (501) 372-1209 FAX
        staci.carson@wdtc.law

By: *[signature]*
        STACI DUMAS CARSON (2003158)